AUGUSTUS W. WALKER, Curator, *v.* J. W. GOSLEE.

The delivery of the effects of a deceased passenger to the agent of the administrator appointed in Massachusetts, before the appointment of a curator here, will discharge the master.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Miller*, for plaintiff and appellant. *Thomas Hunton*, for defendant.

BUCHANAN, J. The evidence fails to make out a case of liability on the part of defendant for the effects of *Elias Jenkins*, left on board the steamer George Collier, at St. Louis, when *Jenkins* was taken to the hospital. The only witness on the subject is *L. McDonough*, who was clerk of the boat, and who declares that he took possession of those effects on his own responsibility, and without being authorized or directed thereto by defendant. In this respect, the present case differs essentially from that of *Malpicu* v. *McKown*, 1 L. R. 248, relied on by plaintiff. In that case, the effects of the passenger were inventoried after his death in the presence of the captain, who delivered them to another person.

WALKER
v.
GOSLEE.

Again, it is admitted, that the effects of *Jenkins*, taken possession of by *McDonough*, were all handed and delivered to *W. L. Cushing*, as the agent of *Nathaniel Jenkins*, of Boston, prior to the appointment of plaintiff as curator of *Jenkins*, to wit, on or about the 30th October, 1852. The delivery would exonerate defendant from liability to plaintiff, even supposing defendant to be responsible for *McDonough* in the premises. For it is proved that *Nathaniel Jenkins* was appointed administrator of *Elias Jenkin's* estate, by the Court of Probates of Suffolk county, Massachusetts, on the 20th of September, 1852, and that he made his power of attorney to *W. L. Cushing*, on the 21st of September, 1852, authorizing him to collect and receive the effects belonging to said estate. The plaintiff was only appointed curator, by the Fourth District Court of New Orleans, on the 24th of May, 1853.

Judgment of the District Court affirmed, with costs.

MERRICK, C. J., with whom concurred VOORHIES, J. Without expressing an opinion on the point whether an administrator appointed in another State has the right to collect assets belonging to the deceased through an agent here, I think there was no want of care or diligence on the part of the defendant in depositing the goods with *Cushing*. They could not be kept upon the steamboat, and there is nothing in the record to show that *Cushing* was considered at that time, dishonest or untrustworthy.

I can concur therefore on this ground.